**FELLHEIMER & EICHEN**
Alan S. Fellheimer
Identification No.: 09842
1800 John F. Kennedy Blvd.
Suite 1400
Philadelphia, PA 19103                         *Attorneys for Defendants*
(215) 253-6631

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **TD Banknorth, N.A.** | **CIVIL ACTION NO.: 07-1353** |
| Plaintiff, |  |
| vs. |  |
| **Slavko S. Brkich, Victoria Z. Brkich, Slavko Properties, Inc., 1216 Arch Street Associates, L.P., 2536-2538 North Broad Street Associates, Hunting Park Plaza Associates, L.P., Melon Green Realty Group, Inc., Zora Enterprises, Inc., Zora Enterprises II, Inc., Zora Enterprises III, Inc., and Zora Enterprises IV, Inc.** |  |
| Defendants. | **JURY TRIAL DEMANDED** |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### THE MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)

PRELIMINARY STATEMENT

The Plaintiff's complaint should be dismissed in accordance F.R.C.P. 12(b)(6) as the Plaintiff has failed to comply with the prerequisites of accelerating any mortgage obligation or instituting any legal action against the Defendants by failing to serve Notice required under 35 P.S. § 1682.402c to all of the Defendants. Further, the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Federal Courts are courts of limited jurisdiction and because the Plaintiff only became a party as a successor in interest to a local bank without any direct compensation to its predecessor or without lending new monies, the

court should dismiss pursuant to 28 U.S.C.A. § 1359 as the Court lacks subject matter jurisdiction. Therefore, the Plaintiff's Complaint should be dismissed in accordance with Federal Rules of Civil Procedure 12 (b)(1) and 28 U.S.C.A. § 1359.

The Plaintiff did serve some of the required notices under Pennsylvania Foreclosure Law and thereby instituted state foreclosure proceedings against the Defendants. Therefore, this Court should exercise its discretion and abstain from hearing this matter and allow the state court actions to proceed.

FACTUAL BACKGOUND

Beginning on or about December 17, 1990 and continuing through November of 2000 the Defendants, Slavko S. Brkich, Victoria Z. Brkich, Slavko Properties, Inc., 1216 Arch Street Associates, L.P., 2536-2538 North Broad Street Associates, L.P., Hunting Park Plaza Associates, L.P., Melon green Realty Group, Inc., Zora Enterprises, Inc., Zora Enterprises II, Inc., Zora Enterprises III, Inc., and Zora Enterprises IV, Inc. (herein after referred to as "Defendants" or "Brkich") had a continuous and healthy business relationship with Jefferson Bank. During that time, the Defendants took out approximately twenty (20) different loans for business purposes only from Jefferson Bank. It appears that all of the loans have been identified and quantified in Exhibit "O" attached to the Plaintiff's Complaint. Thereafter Jefferson Bank merged with Hudson United Bank, a New Jersey state-chartered banking institution (hereinafter referred to as "Hudson"). In addition to two (2) new promissory notes to two (2) of the Defendants for a total amount of $850,000.00, the Plaintiff entered into a number of refinancing agreements with Hudson. These refinancing agreements, attached to the Plaintiff's complaint, provided for consolidation of many of the various loans and for cross

2

collateralization of the mortgaged properties.  Further, the individual Defendants, Slavko Brkich and Victoria Brkich, executed personal guarantees in favor of the lender, Hudson.  At no time did Hudson ever lend any new money to the Plaintiffs under these subsequent refinancing or replacement agreements.

Thereafter, Hudson and the Defendants entered into a Forbearance Agreement, attached to the Plaintiff's complaint as Exhibit "A."  Again, Hudson lent no new monies to the Defendants under this Forbearance Agreement.

The Plaintiff took possession of the promissory notes and mortgages by merger and name change with Hudson and subsequently entered into an Amended Forbearance Agreement with the Defendants in or around February of 2007.  This Amended Forbearance Agreement is attached to the Plaintiff's complaint as Exhibit "O."  Again, the Plaintiff lent no new monies to the Defendant and they signed no new promissory notes for the transaction.  Further, it appears that the Amended Forbearance Agreement was not executed by the Plaintiff until well after any period of default as defined in the Amended Forbearance Agreement.  The Amended Agreement identifies the First Extension Period as expiring on or about January 31, 2007 but the Amended Agreement was not executed by the Plaintiff until February 5, 2007.  The Amended Agreement provides for a loan extension fee as well as increased interest rate, yet the Plaintiff provided no any consideration as the Amended Agreement was not fully executed until after the initial default.  The Plaintiff is attempting to take advantage of the added considerations given by the Defendant without providing additional consideration to the Defendants.

3

Approximately two (2) weeks after the Amended Agreement was accepted by the Plaintiff, on or about February 20, 2007 the Plaintiff, through its counsel Bazelon, Less & Feldman, P.C. caused to be served on some of the Defendants "Act 91 Notices" pursuant to 35 P.S. § 1682.402c, i.e.:  Slavko Brkich; Victoria Brkich; 2536-38 North Broad Street Associates; Hunting Park Plaza Associates, L.P.; Zora Enterprises, Inc.; Zora Enterprises II, Inc.; and Zora Enterprises III, Inc..   The Plaintiff failed to serve Defendants, Zora Enterprises IV, Inc., Melon Green Realty Group, Inc., Slavko Properties, Inc., and 1216 Arch Street Associates, L.P. with the required notices.

## LEGAL ARGUMENT

The Plaintiff's Complaint should be dismissed in accordance with F.R.C.P. 12(b)(6) as the Plaintiff has failed to serve upon all Defendants the required notice prior to the acceleration of the promissory notes, replacement notes and mortgages pursuant to 35 P.S. § 1682.402c.

Further, the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1).  Although the Plaintiff is a not a citizen of Pennsylvania as it does not have its headquarters here, the Plaintiff obtained its interest in the loans in question  through a series of mergers beginning with Hudson United Bank's acquisition of Jefferson Bank, a Pennsylvania state-chartered bank.  The transfers from Jefferson, through Hudson United Bank and ultimately to the Plaintiff, should not allow the Plaintiff to claim diversity jurisdiction under 28 U.S.C.A. § 1332 as Defendants chose to do business with a local bank and were involuntarily forced by mergers not of their own choosing to have to do business with a bank owned by a out-of-country bank headquartered far away.  This is not the sort of

diversity envisioned by the diversity statute.  Plaintiff is not a foreigner forced to seek justice in a hostile foreign court – Plaintiff chose to acquire a local institution and its choice should not deprive the local customers it acquired from that local institution of their right to seek justice in their local courts and to claim the protections and notices their state law requires.

In the alternative, the claims of the Plaintiff, while couched in terms of a claim on Promissory Notes, are essentially foreclosure claims for numerous properties in the City of Philadelphia.  As a foreclosure action, this matter is better suited to be heard by the Courts of the Commonwealth of Pennsylvania as the Plaintiff has already sought the to utilize the procedures set forth by Pennsylvania Law by serving notices to many of the defendants under 35 P.S. § 1682.402c.

I. **The Plaintiff's Complaint should be dismissed in accordance with Federal Rules of Civil Procedure 12(b)(6) as the required notices of default are facially deficient**.

The Plaintiff's complaint should be dismissed pursuant to F.R.C.P. 12(b)(6) as:

1. The Plaintiff has failed to comply with the notice requirements of 35 P.S. § 1682.402c; and

2. the Amended Forbearance Agreement relied upon by the Plaintiff was not accepted and therefore not valid until well after the Extension Period identified in the Amended Agreement and therefore there is no consideration given for the increased interest rate and other fees paid by the Defendants.

1. Under applicable Pennsylvania law, the Plaintiff must serve notice in accordance with 35 P.S. § 1682.402c on all Defendants prior to the acceleration of any

amounts due under a mortgage, commencement of any legal action, including foreclosure, to recover on the obligation, or the taking of possession of any security of the mortgage debtor.  This notice must be sent to all Defendants and provide them with thirty (30) days to cure the alleged default.  35 P.S. § 1682.402c.  The notice must also indicate the amount that is required to cure the default and the manner by which they may cure. 35 P.S. § 1682.403c.

       In this matter, the Plaintiff did not serve the required notices on all of the Defendants. The amounts shown in the notices on the Defendants actually served, used the increased interest rates and principal from the Amended Forbearance Agreement for which there was no consideration.  They were thus, incorrect and not effective.  Of course, as to the defendants who did not receive any such notices, there can be no question that Pennsylvania law has been no compliance with Pennsylvania law35 P.S. § 1682.402c and 403c.  As all of the Defendants are listed as either "Obligors," "Guarantors," or "Mortgagors" under the loan documents attached to the Plaintiff's complaint, all were entitled to notice prior to the institution of the within proceedings and prior to the acceleration of amounts due under the Agreements.  Further, due to the cross collateralization agreements and refinance agreements, all Defendants have an interest in each of the subject properties and are entitled to notice under 35 P.S. § 1682.402c. The Plaintiff's Complaint should be dismissed for failure to state a claim under F.R.C.P. 12(b)(6).

       2.     The Plaintiff failed to execute the Amended Forbearance Agreement identified in the Plaintiff's complaint until after the forbearance period had expired under the Amended Agreement.  Therefore, at the time of the alleged default of the Amended

Forbearance Agreement, there was no fully executed agreement between the parties to extend the forbearance period. The original Forbearance Agreement, attached to the Amended Forbearance Agreement as Exhibit A, in paragraph 10 clearly states that no Amendment is effective unless it is reduced to writing and signed by all parties. The Defendants executed the agreement and paid the added consideration without execution or consideration by the Plaintiff and therefore the Amended Forbearance Agreement was never effective. There was no extended forbearance period. By the time it was effective, the extended forbearance period was long gone. This was solely due to Plaintiff's failure to timely sign the document.

**II.**     **The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction in accordance with Federal Rules of Civil Procedure 12(b)(1) and 28 U.S.C.A. § 1359.**

Defendants never chose to do business with Plaintiff.. The Defendants, all local Pennsylvania residents and corporations, did business with a local bank, Jefferson Bank. It was only because of mergers by others that suddenly the Defendants were thrust into the possible jurisdiction of the Federal Courts. This matter originally involved local businesses doing business with a local bank under local law and subject to the jurisdiction of local courts.

In *McSparran v. West,* the Third Circuit analyzed 28 U.S.C.A. § 1359 in depth to determine whether a guardian for a minor, who was appointed solely for the purposes of obtaining diversity jurisdiction, could maintain an action in Federal Court based upon diversity jurisdiction. The Court stated:

> "It is well settled that the anti-assignment provision of [28 U.S.C.A. § 1359] bars the creation of diversity jurisdiction by the transfer of a right of action to a collection agent whose only interest in prosecuting the suit is the recovery of his

7

>fee, even though he is vested with a portion of the legal title and has been expressly authorized to sue on behalf of the beneficiaries."

*McSparran v. West*, 402 F.2d 867, 875 (3rd Cir. 1968).

What is clear is that unintended diversity should not be rewarded by allowing the claims to proceed in Federal Court when they involve purely local matters.  In this matter, there is no independent financial basis for diversity.  The Defendants originally contracted with Jefferson Bank, a locally chartered bank, and the Plaintiff never lent any new monies to the Defendants.  All of the forbearance, refinance and cross-collateralization agreements involved no new transfer of funds from the Plaintiff to the Defendant.  Because Plaintiff acquired a bank that acquired a local bank, why should the original bank's customers be subjected to Federal jurisdiction based on diversity of citizenship when they never chose to do business with anyone by a local business.  28 U.S.C.A. 1332 was never intended to convey federal jurisdiction to a local institution even when it gets acquired by a foreign institution.

II.     <u>The claims of the Plaintiff are essentially claims in foreclosure and should be heard in State Court which is better suited for these issues.</u>

The claims of the Plaintiff, while couched in terms of claims on Promissory Notes are claims in foreclosure and, as the Federal Courts are courts of limited jurisdiction, the courts of the Commonwealth of Pennsylvania are best suited to hear the case.  The Plaintiff's complaint presents claims based upon the default of the Defendants on promissory notes entered into with Jefferson Bank, the Plaintiff's predecessor in interest, and upon certain forbearance agreements subsequently entered into with Hudson Bank and the Plaintiff.

Federal Courts are courts of limited jurisdiction and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).

The Plaintiff in this matter conveniently failed to note in its pleadings the existence of the mortgages for the various properties of the Defendants. The Plaintiff gives the impression in this action that it is purely a claim for breach of various promissory notes and forbearance agreements while the attached agreements clearly indicate the existence of mortgages for about seven (7) different properties. This is a foreclosure action and the Plaintiff is attempting an end run around Pennsylvania foreclosure law by filing this action in Federal Court and alleging only violations of the promissory notes and forbearance agreements. As further evidence of the intent of the Plaintiff to foreclose on the properties of the Defendants, the Plaintiff served an "Act 91 Notice" on some of the Defendants. The Plaintiff has already initiated state foreclosure proceedings by serving the "Act 91 Notices" on the some of Defendants.

Respectfully submitted:<br>
Fellheimer & Eichen<br>
<br>
By: _____<br>
Alan S. Fellheimer, Esquire<br>
ASF 6404<br>
Validation Of Signature Code<br>
(PA I.D. #09842)<br>
**Fellheimer & Eichen**<br>
1800 John F. Kennedy Boulevard<br>
Suite 1400<br>
Philadelphia, PA 19103<br>
*Attorneys for Defendants,*<br>
*Slavko S. Brkich, Victoria Z. Brkich, Slavko Properties, Inc., 1216 Arch Street Associates, L.P., 2536-2538 North Broad Street Associates,*

9

*Hunting Park Plaza Associates, L.P., Melon Green Realty Group, Inc., Zora Enterprises, Inc. Zora Enterprises II, Inc., Zora Enterprises III, Inc., and Zora Enterprises IV, Inc.*

Dated: May 1, 2007